MATTHEW KERRY (P81793)
Attorney for Plaintiffs
214 S. Main Street, Suite 200
Ann Arbor, Michigan 48104
(734) 263-1193
matt@kerrylawpllc.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TWIN FLAMES UNIVERSE.COM INC., a Michigan corporation; MIND ALIGNMENT PROCESS INC., a Michigan corporation; JEFFREY AYAN, an individual resident of Michigan; and SHALEIA AYAN, an individual resident of Michigan,<br><br>Plaintiffs,<br><br>vs.<br><br>LISA ELLE GIACOMINI a/k/a ELLE GAIA d/b/a TWIN FLAMES GAIA a/k/a ASCENDED WELLNESS, an individual resident of Colorado; ARCELIA FRANCIS HUGUES f/k/a JOHN FRANCIS HUGUES d/b/a TWIN FLAME TRANSCENDENCE, an individual resident of New York; ADAM KATSALE a/k/a ADAM NAMASTE d/b/a ASCENSION EXPRESS, an individual resident of New York; and ELIZABETH "SHAKTI" KALOCZI d/b/a RISE SHAKTI, an individual resident of the United Kingdom,<br><br>Defendants. | Case No.: 2:20-cv-11659-GAD-DRG |

**PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE, FOR EXPEDITED DISCOVERY, AND MOTION TO PERMIT ALTERNATIVE SERVICE UPON DEFENDANT ELIZABETH KALOCZI PURSUANT TO FED. R. CIV. P. 4(f)(3)**

NOW COMES Plaintiffs TWIN FLAMES UNIVERSE.COM INC. ("TFU" or "Twin Flames Universe"), MIND ALIGNMENT PROCESS INC. ("MAP"), JEFFREY AYAN, ("Mr. Ayan"); and SHALEIA AYAN, ("Ms. Ayan" and collectively with TFU, MAP and Mr. Ayan, "Plaintiffs"), by and through its counsel, for their motion for leave to extend the time to serve Defendants LISA ELLE GIACOMINI a/k/a ELLE GAIA d/b/a TWIN FLAMES GAIA a/k/a ASCENDED WELLNESS, ("Giacomini" or "Ascended Wellness"), believed to be a U.S. resident of the state of Colorado, and ELIZABETH "SHAKTI" KALOCZI d/b/a RISE SHAKTI ("Kaloczi" or "Rise Shakti"), believed to be a resident of the United Kingdom, pursuant to Rule 4(m); for leave to conduct expedited discovery in advance of the Rule 26(f) conference, pursuant to Rule 26(d)(1), to issue limited subpoenas to third party online account providers and ISPs of Defendants so as to ascertain their address(es), and for leave to serve Defendant Kaloczi via email pursuant to Rule 4(e)(1) and 4(f)(3), and state as follows:

## **INTRODUCTION**

As a threshold matter, the time to serve the summons in this matter upon the U.S.-based defendants has expired and Plaintiffs have made several attempts to serve Defendant Giacomini to no avail. As set forth below, good cause exists to extend the time to serve Defendant Giacomini pursuant to Rule 4(m) and Plaintiffs herein seek a 90-day extension of time to serve Defendant Giacomini. Although Rule 4(m)'s time limit for service does not apply to foreign defendants, Plaintiffs have also unsuccessfully tried to serve Defendant Kaloczi, who we believe is also evading service.

Accordingly, next, Plaintiffs also ask for leave to serve third party subpoenas in advance of the Rule 16 conference, insofar as Plaintiffs' previous attempts to either serve Giacomini and Kaloczi have been unsuccessful. Both Defendant Giacomini and Kaloczi do business online and

1

have communicated with Plaintiffs extensively via email and online in forums and video chats. While the operate and do business online in competition with Plaintiffs, Giacomini's websites do not list physical addresses for her business and Defendant Kaloczi could not be located at the business address listed on her website's Facebook page. Therefore, Plaintiffs believe that the third parties who maintain their regular and currently-used email addresses and websites could reveal information regarding their locations, including an address or IP address. Plaintiffs would use that limited information solely to affect service upon Defendants herein.

Finally, and in the alternative, Plaintiffs request leave to serve Defendant Kaloczi via email. Service via email is not prohibited by any international agreement between the U.S. and United Kingdom, it would avoid unnecessary delays, and it would certainly comport with due process in this matter. Thus, service via email is both valid and proper as to Defendant Kaloczi pursuant to Rule 4(f)(3). Plaintiffs will likely also seek leave to serve Defendant Giacomini via email, should the Court grant the above expedited discovery and if Plaintiffs are unable to locate Defendant Giacomini's physical address based on information gathered from the third parties.

## BACKGROUND

Plaintiffs assume the Court's familiarity with this matter. Plaintiffs respectfully refer the Court to the Complaint (ECF Doc. No. 1) for a full and accurate statement as to the background. Plaintiffs also refer the Court to the Declaration of Justin Mercer, Esq. dated December 4, 2020 ("Mercer Decl.") for additional background facts regarding service. Certain relevant facts are reiterated hereinbelow:

As set forth in the Complaint filed on June 26, 2020, Plaintiffs brought the instant action for damages and injunctive relief against Defendants Giacomini, Adam Katsale, Arcelia Hugues and Elizabeth Kaloczi for false promotion in violation of the Lanham Act, defamation, tortious

2

interference with contract, civil conspiracy, conversion and trespass to chattels. Twin Flames Universe promotes its services through online educational programs, in-person workshops and one-on-one consultations. Earlier this year, Plaintiffs learned of a conspiracy by a few disgruntled former Twin Flames Universe students who are each operators of competing transformational coaching businesses, to smear Plaintiffs' reputations, and create a false, misleading and defamatory image of Plaintiffs' business practices and spirituality. Defendants commenced and orchestrated a massive, systematic pattern of online harassment and disparagement via websites such as Twitter, Reddit, Facebook, and via their *own websites* in an effort to usurp Plaintiffs' current customers and dissuade Plaintiffs' prospective customers from doing business with Plaintiff by falsely painting as "abusive," "manipulative," "scammers" and "practi[tioners of] illegal psychotherapy."

### 1. **Attempts of Service on Defendant Giacomini**

On June 26, 2020, Plaintiffs engaged a process server to attempt service upon all the defendants. *See* Mercer Decl. at ¶ 3. Plaintiffs timely and properly served Defendants Adam Katsale and Arcelia Hugues. Mr. Katsale answered the complaint and Ms. Hugues responded to the complaint by way of motion. *See* Mercer Decl. at ¶ 3.

Between June 26 and July 3, 2020, Plaintiffs' process server attempted to serve Defendant Giacomini at her last known residence in Colorado. *See* Mercer Decl. at ¶ 4, **Exhibit A**. However, Plaintiffs' process server was unsuccessful in serving Ms. Giacomini after three attempts. *See* Mercer Decl. at ¶ 5. Then, from July 4, 2020 to August 4, 2020, Plaintiffs sought information from third parties to locate Ms. Giacomini's whereabouts. *See* Mercer Decl. at ¶ 6. Without much success, on August 4, 2020, Plaintiffs engaged another process server to perform a skip trace as to Ms. Giacomini's physical address. *See* Mercer Decl. at ¶ 7, **Exhibit B**.

Plaintiffs' process server informed Plaintiffs that the address that Plaintiffs located as to Ms. Giacomini's residence was accurate based on their searches. *See* Mercer Decl. at ¶ 8. As a result, between August 4, 2020 and August 7, 2020, Plaintiffs' process server again attempted to serve Defendant Giacomini at her residence in Colorado. *See* Mercer Decl. at ¶ 9, **Exhibit C**. However, this time, Plaintiffs' process server was informed by the residents that Ms. Giacomini no longer lived there, and they did not know where Ms. Giacomini resided. *See* Mercer Decl. at ¶ 10.

Given that Ms. Giacomini is alleged to have been engaged in a civil conspiracy with other defendants, Plaintiffs expected to engage in informal discovery with either Defendants Katsale or Hugues as to their knowledge of Ms. Giacomini's whereabouts. *See* Mercer Decl. at ¶ 11. However, as stated, there has been no Rule 26(f) conference, thus Plaintiffs could not engage in discovery with Katsale or Hugues. *See* Mercer Decl. at ¶ 12.

At all relevant times, Defendant Giacomini communicated and/or engaged with Plaintiffs via email and online. Prior to the filing of this action, Defendant Giacomini emailed Plaintiffs directly via the email address, <twinflamegaia@gmail.com> (*See* Mercer Decl. at ¶ 13, **Exhibit D**). Defendant Giacomini is the registrant and contact for her businesses' domain names <www.twinflaimesgaia.com> and <ascendedwellness.net>. *See* Mercer Decl. at ¶ 14, **Exhibit E**.

  2. **Attempts of Service on Defendant Kaloczi**

Defendant Kaloczi is believed to be a resident of the United Kingdom. *See* Mercer Decl. at ¶ 15. Between July 9 and August 10, 2020, Plaintiffs' UK process server attempted to serve Defendant Kaloczi at her last known residence in the UK. *See* Mercer Decl. at ¶ 16, **Exhibit F**. However, Plaintiffs' UK process server was unsuccessful in serving Ms. Kaloczi after four attempts. *See* Mercer Decl. at ¶ 17. Given Ms. Kaloczi's website <riseshakti.com> and

Facebook page for her business "RISE SHAKTI" (https://www.facebook.com/ShaktiShivaPilates/) listed the same address that Plaintiffs attempted service—132 Cottonmill Lane, Saint Albans, UK AL1 2ez—Plaintiffs intended to try there again. *See* Mercer Decl. at ¶ 18. As such, from August 11, 2020 to September 1, 2020, Plaintiffs' UK process server made an additional six attempts at the Cottonmill Lane address. *See* Mercer Decl. at ¶ 19, **Exhibit H**. Without much success, on September 2, 2020, Plaintiffs engaged their UK process server to perform a skip trace as to Ms. Kaloczi's physical address. *See* Mercer Decl. at ¶ 20, **Exhibit I**. However, Plaintiffs' UK process server informed Plaintiffs that they could not locate another viable address based on their searches, but noted that as recently as August 14, 2020, Defendant Shakti appeared to have broadcast live video from the Pilates studio at the rear of the Cottonmill Lane address. *See* Mercer Decl. at ¶ 21, **Exhibit J**. As a result, after September 4, 2020, Plaintiffs' process server attempted to monitor the Cottonmill Lane address to notice if there was any activity at the address, but found none. *See* Mercer Decl. at ¶ 22, **Exhibit K**.

That said, Defendant Kaloczi communicated with Plaintiffs extensively via email and online in forums and video chats before this action was filed. *See* Mercer Decl. at ¶ 23. In addition, there might be additional methods of serving Defendant Kaloczi and apprising her of this lawsuit. *See* Mercer Decl. at ¶ 24. Defendant Kaloczi is the registrant and contact for her business's domain name <www.riseshakti.com> and <www.Elizabethshaktikaloczi.com>. *See* Mercer Decl. at ¶ 25. On www.riseshakti.com, Defendant Kaloczi lists her contact email address as <inspire@riseshakti.com> and invites customers to visit her YouTube and Facebook business pages. *See* Mercer Decl. at ¶ 26, **Exhibit L**. As set forth in the Complaint, Defendant Kaloczi made false statements about Plaintiffs via videos posted on her business YouTube and Facebook

5

pages. *See* Mercer Decl. at ¶ 27, **Exhibit M**. Her business's Facebook and YouTube accounts indicate that she resides in "London, United Kingdom" and "Saint Albans, United Kingdom" respectively, and that she may also be contacted via email at the following email addresses: <info@elizabethshaktikaloczi.com> and <elizabethshaktikaloczi@gmail.com>. *See* Mercer Decl. at Exhibit G.

## ARGUMENT

I. **THE COURT SHOULD EXTEND THE TIME TO SERVE DEFENDANT SCOTT PURSUANT TO RULE 4(m).**

Fed.R.Civ.P. 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1). Fed. R. Civ. P. 4(m).

Under Rule 4(m), the Court may also exercise its discretion to extend the time for service without any showing of good cause. However, if a plaintiff does show good cause for failure to effect timely service, "the court *must* extend the time. *See In re Lopez,* 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

As set forth above, Plaintiffs located what they understood to be the last known address of Defendant Giacomini, retained a private investigator to locate any other physical address, and attempted to serve her at the locations they found a total of six times over several months—each attempt prior to the expiration of the time to serve the summons in September. *See* Mercer Decl. at ¶¶ 3-10.

6

Plaintiffs acknowledge that deadline to serve Defendant Giacomini has expired, and Plaintiffs had not sought leave prior to the expiration of that deadline. However, since that time, Plaintiffs have engaged investigators to locate her address, and also monitored her online activity (such as her business websites and YouTube video about Plaintiffs) to determine if she would reveal more information about her physical location—both of these have been to no avail. *See* Mercer Decl. at ¶¶ 10-14. Further, as set forth below, despite Plaintiffs unsuccessful attempts to serve and/or locate Defendant Giacomini, Plaintiffs have developed a plan (pending leave of Court) to issue Rule 45 third party subpoenas to ultimately discovery her whereabouts (or else will seek judicial intervention to serve her via alternative means). Now, Plaintiffs request a 90-day extension commensurate with their below request for leave to issue Rule 45 subpoenas, with the expectation that further subpoenas may be necessary from ISPs should the third parties only maintain IP addresses for Defendants' business websites and Internet-based social media accounts.

Alternatively, even if the Court finds that Plaintiffs have not shown good cause, Plaintiffs request the Court exercise its discretion to the extend the time to serve Defendant Giacomini. In making that determination, the Court considers whether:

> "(1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process."

*Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Each of the *Slenzka* factors weigh in Plaintiffs favor. First, this case was only filed in late June, and the requested extension is not excessively long. Second, there is no known prejudice to

7

Defendant Giacomini. Third, given Defendant Giacomini's commentary about Plaintiffs has continued since the filing of this lawsuit, Plaintiffs presume that she has notice of the claims herein. For instance, Defendant Giacomini was recently profiled, (identified therein under the pseudonym 'Katie') in a December 3, 2020 Vanity Fair magazine article regarding Plaintiffs and *which mentions the existence of this lawsuit. See* https://www.vanityfair.com/style/2020/12/inside-the-all-consuming-world-of-twin-flames-universe (last accessed on December 4, 2020). Fourth, while the statute of limitations has not yet run on all Plaintiffs' claims, some of the activity occurred in late 2019, and others will expire in the next few months. Further, if Plaintiffs were forced to refile this action, where Defendant Giacomini is also alleged to have been engaged in a civil conspiracy with other defendants herein, the new matter would likely be assigned to the Court as a companion case pursuant to LR 83.11(b)(7). By granting Plaintiffs leave to execute their plan to locate and serve Defendant Giacomini in the instant case, it would also avoid unnecessary court resources. Finally, fifth, as set forth above, Plaintiffs has made several good faith efforts at effecting proper service—all to no avail.

Accordingly, Plaintiffs posit that good cause exists to extend the time to serve Defendant Giacomini for a period of 90 days. Alternatively, as the *Slenzka* factors weigh in Plaintiffs favor, the Court should exercise its discretion to afford Plaintiffs additional time to effect service.

II. **PLAINTIFFS SHOULD BE ENTITLED TO EXPEDITED DISCOVERY PURSUANT TO RULE 26(d)(1), LIMITED TO CONTACT INFORMATION FOR SCOTT AND/OR ABBEY.**

Pursuant to Fed.R.Civ.P. 26(d)(1), parties can begin discovery before their Rule 26(f) conference by court order, upon a showing of good cause. Fed. R. Civ. P. 26(d)(1); *see Dessault Systemes, S.A. v. Childress,* 2009 WL 3602084, at *4 (E.D. Mich. Oct. 27, 2009). Courts have

8

found "good cause" for granting expedited discovery when, *inter alia*, the true identities and locations of the defendants are unknown, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward. *See, e.g., Arista Records, LLC v. Does 1-4,* 2007 WL 4178641, *1 (W.D. Mich. Nov. 20, 2007).

Here, Plaintiffs' previous attempts to either serve Giacomini or Kaloczi or ascertain their physical location have been unsuccessful. However, both Defendant Giacomini and Kaloczi communicated with Plaintiffs extensively via email and online in Facebook forums and via video chats. In addition, they still maintain active emails, business websites and accounts with various social media websites where they continue to publish or link to the misleading statements about Plaintiffs. *See* Mercer Decl. at ¶¶ 3-27. Therefore, Plaintiffs believe that the third parties who maintain their regular and currently-used email addresses (such as Gmail), website hosting companies, and online accounts (such as YouTube and Facebook) could reveal information regarding their locations, including an address or IP address. Plaintiffs would use that limited information solely to affect service upon Defendants herein.

Without the ability to locate and serve these Defendants, Plaintiffs would be left without recourse to pursue their viable claims. Accordingly, Plaintiffs posit that good cause also exists to grant Plaintiffs leave to issue Rule 45 subpoenas to Google (for Gmail and YouTube accounts), Facebook (for Instagram and Facebook accounts), and Defendants Giacomini's and Kaloczi's business website hosting providers for identifying contact information about Defendants' address(es). Plaintiffs also seek leave to issue further subpoenas for contact information to any ISP that maintains an IP address that might be identified by the aforementioned third parties.

9

### III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PLAINTIFF'S LEAVE TO SERVE DEFENDANT ABBEY VIA EMAIL PURSUANT TO RULE 4(f)(3).

Plaintiffs also request that the Court allow alternative service upon Defendant Kaloczi through email. Fed.R.Civ.P. 4(f) provides that individual defendants in foreign countries may be served in several ways, including "by other means not prohibited by international agreement, as the court orders." *See* Fed.R.Civ.P. 4(f)(3). Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Gamboa v. Ford Motor Co.*, 414 F.Supp.3d 1035, 1039 (E.D. Mich. 2019). Courts have "wide discretion" to order service under Rule 4(f)(3) as long as the method of service is not prohibited by international agreement and it comports with due process. *BBK Tobacco & Foods, LLP v. Gooshelly,* 2020 WL 2315879, at *2 (E.D. Mich. 2020) While the United Kingdom is a party to the Hague Convention, several courts have found that service by email does not violate the Hague Convention and that Sixth Circuit courts have permitted service by email. *See, e.g.*, *Gamboa*, 414 F.Supp.3d at 1039; *BBK Tobacco & Foods, LLP*, 2020 WL 2315879, at *2.

Here, Plaintiffs have been unsuccessful at serving Kaloczi at her last known (yet currently listed). Further, Defendant Kaloczi has business websites and has created several social media accounts which indicate that she may also be contact via email—which could be used to formally apprise her of this lawsuit. Given Plaintiffs have been unable to serve for Defendant Kaloczi, and service of process by email would not offend due process[1] nor any international agreement, Plaintiffs request that they be permitted to serve Defendant Kaloczi with a copy of

---

[1] Plaintiffs also note that service upon Defendant Giacomini via email would likewise comport with due process, and anticipate that, if their attempts to discover her physical location via subpoena are unsuccessful, email service through the above-mentioned addresses may be necessary.

10

the summons and complaint via email at each of, inspire@riseshakti.com, info@elizabethshaktikaloczi.com, and elizabethshaktikaloczi@gmail.com.

## **CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request that the Court grant an extension of time to serve Defendant Giacomini, permit Plaintiffs leave to conduct expedited discovery via limited Rule 45 subpoenas, and permit Plaintiffs leave to serve Defendant Kaloczi via email.

DATED this 4th day of December, 2020.   Respectfully submitted,

*/s/ Matthew Kerry*
Matthew Kerry (P81793)
Attorney for Plaintiffs
214 S. Main Street, Suite 200
Ann Arbor, Michigan 48104
(734) 263-1193
matt@kerrylawpllc.com


LEWIS & LIN LLC

David D. Lin (*pro hac vice* forthcoming)
Justin Mercer (*pro hac vice* forthcoming)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Michigan by using the CM/ECF system, and counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

*/s/ Matthew Kerry*