UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIN FLAMES UNIVERSE.COM, INC.

      Plaintiff(s)                         Case No.: 2:20-cv-11659
                                         Hon. Gershwin A. Drain

v.

ARCELIA FRANCIS HUGUES, *et al*

      Defendant(s)

---

Defendant's Reply to Plaintiffs' Response in Opposition to Defendant's 12(b)(2) Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction[1]

---

       Defendant ARCELIA FRANCIS HUGUES ("Defendant" or "Ms. Hugues"), appearing *pro se*, respectfully submits this Reply to Plaintiffs' Response in Opposition to Defendant's12(b)(2) Motion to Dismiss Plaintiff's Complaint on the Grounds of Lack of Personal Jurisdiction (the "Reply") and respectfully requests

---

[1] NOTICE OF LIMITED SCOPE ASSISTANCE: This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to MRPC 1.2(b). This document was prepared with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, Room 1044, 231 W. Lafayette Blvd., Detroit, MI 48226, Tel: 313-234-2690.

that this matter be dismissed for the reasons set forth herein and in the Motion to Dismiss and brief in support.

Stated simply, Plaintiffs' opposition to Ms. Hugues' Motion to Dismiss depends on their ex post facto efforts to recast their nationwide, online businesses as "Michigan-based," and on their demonstrably false assertions that:

- Hugues continues to manage and operate at least one of two interactive websites . . .
- [Hugues] sells her services [on these websites] . . .
- [Hugues is] in competition with the Michigan-based Plaintiffs to this date . . .
- Hugues somehow used the Vice.com article about Plaintiffs' services in promotion of her own services . . .
- [Hugues] unilaterally engaged with Plaintiffs in Michigan over a period of almost three years.

[ECF No. 16, PageID.128].

Specifically, as set forth in the attached Supplemental Declaration, Exhibit A:

- Ms. Hugues does not operate either of the two interactive websites identified by the response and has not done so since cutting ties with Plaintiffs. Exhibit A, ¶5.

- Ms. Hugues was unaware that the second, "wordpress" site was still accessible until she received Plaintiffs' response to her motion to dismiss. She has not used this site since September of 2019, and does not object to it being deleted. Exhibit A, ¶6. Moreover, no payments can be made through this site.

- Ms. Hugues has never competed with Plaintiffs and has neither been paid for nor provided any of the services identified on the websites since September of 2019. Exhibit A, ¶4, 7-9.

- Ms. Hugues did not respond to the "cease and desist" letter because she was not involved in the February 5, 2020 Vice article and she was not engaged in any business that competed with Plaintiffs at the time that article was published. Exhibit A, ¶10.

- As set forth in her original declaration, Ms. Hugues never did business with Plaintiffs in Michigan. ECF No. 10, PageID.98-99.

As the Court recognized in addressing personal jurisdiction in the context of an online business, an alleged injury to a resident of the forum state is insufficient to establish minimum contacts; there must be "'something more.'" *Lifestyle Lift Holding Co., Inc. v. Prendville*, 768 F. Supp.2d 929, 937 (E.D. Mich. 2011). Similarly to the Plaintiff in *Lifestyle Lift*, Plaintiffs are not meaningfully "located" in Michigan for personal jurisdiction purposes. Rather, they have an admittedly national and even international online presence, unrelated to their serendipitous physical location in Michigan. Leaving aside the extremely questionable merits of Plaintiffs' underlying claims, Plaintiffs have zero evidence that Ms. Hugues purposefully directed her actions at the State of Michigan when she answered

questions posed by a Vancouver based reporter for a Vice news operation headquartered in the State of New York. See ECF No. 10, PageID.100-103.

Moreover, even if the Court establishes Ms. Hugues had some knowledge Plaintiffs were located in Michigan, this would still not warrant exercising personal jurisdiction. As the Court held in *Lifestyle Lift*, even if the Defendant knew about the Plaintiff being based in Michigan, this did "not necessarily satisfy the expressly aimed at prong." *Id.* at 938. The plaintiff still has to make a *prima facie* showing that the defendant's conduct was expressly and directly aimed at Michigan; simple knowledge that the plaintiff is present in that forum is not enough. *Id.* at 939. TFU markets themselves as a global, virtual community on their website, while the Plaintiffs' location is not listed. With this being said, exercising personal jurisdiction over Ms. Hugues for mere knowledge that the Plaintiffs have a presence in Michigan would be improper.

As such, Defendants' Motion to Dismiss must be granted.

Respectfully submitted,

/s/ Arcelia Francis Hugues (w/ perm)
By: Arcelia Francis Hugues, Defendant
*Pro Se*
7994 State Route 20
Madison, NY 13402
Telephone: (315) 404-9442
Email: archaicarcelia@zoho.com

Dated: January 11, 2021

4

**NOTICE OF LIMITED SCOPE ASSISTANCE**

This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to MRPC 1.2(b). This document was prepared with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, Room 1044, 231 W. Lafayette Blvd., Detroit, MI 48226, Tel: 313-234-2690.

Katie Warwick, 3L, University of Detroit Mercy, on the Brief.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via email with the *Pro Se* Administrator by the *Pro Se* Clinic with the Clerk of Court, and the parties of record will be served via the Court's electronic filing system when it is posted by the Clerk. I hereby certify that on January 11, 2021, I also emailed same to Mr. Matthew Kerry at matt@kerrylawpllc.com.

*s/ Katie Warwick, 3L*
For the Pro Se Clinic

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIN FLAMES UNIVERSE.COM, INC., *et al*,

      Plaintiffs,

-vs-                             Case No. 2:20-cv-11659-GAD-DRG

                                     Hon. Gershwin A. Drain
                                     Magistrate Judge David R. Grand

ARCELIA FRANCIS HUGUES, *et al*,
          Defendants.

---

## SUPPLEMENTAL DECLARATION OF ARCELIA FRANCIS HUGUES

1. I am one of the Defendants in this lawsuit.
2. I am proceeding *pro se*, and I have received the assistance of the Federal Pro Se Legal Assistance Clinic in preparing this Supplemental Declaration.
3. This declaration supplements my September 9, 2020 Declaration and addresses some of the inaccuracies raised by Plaintiffs' response to my motion to dismiss.
4. Since cutting ties with Plaintiffs in approximately September of 2019, I have not engaged in any business activity that competes with them.
5. I do not operate either of the websites identified by Plaintiffs' response. As Plaintiffs' are aware, the <TwinFlameTranscendence.com> website (which, as set forth in my original declaration, expired in March of 2020), Twitter account and FaceBook storefront were set up in 2018 when I was purchasing Plaintiffs' products. They are no longer being used by me for any purpose. The last post to the Twitter account was on June 21, 2019, before I parted ways with Plaintiffs.
6. I was unaware that the second website identified by Exhibit D to Plaintiffs' response to my motion to dismiss [ECF No. 16-5, PageID 166-178] was still accessible online until I received and reviewed Plaintiff's filing. That

website, through which I have never done business, is a free site that was used to construct the <TwinFlameTranscendence.com> website that I used until September 14, 2019. To my knowledge, I never received payments through the second website.

7. Although like the <TwinFlameTranscendence.com> website was, the "wordpress" site appears to be linked to an Accuity Scheduling site, I stopped paying for the Accuity Scheduling account referred to by Exhibit D [ECF No. 16-5, PageID 166-178] in 2019. As of August 14, 2019, that account reverted to a free account through which I was unable receive payment. I have not received payment from any source for the services listed on the website identified on Exhibit D since September 14, 2019.

8. Except for a single FaceBook post on April 29, 2020 offering a link to a video for a free tarot card reading and explaining my intent to scrap the Twin Flames Transcendence website (a screen shot of which post is attached to this Supplemental Declaration as Exhibit 1), I stopped offering all of the services reflected by Exhibit D in September of 2019.

9. If anyone attempted to schedule services through the "wordpress" website identified by Exhibit D after September 14, 2019, I am unaware of those efforts. I have no objection to the permanent deletion of the "wordpress" website.

10. Although I received Plaintiffs' threatening "cease and desist" letter on February 8, 2020 [ECF No. 10, PageID.106-109], I did not respond, as I had not engaged in any of the alleged activities to which the letter refers. I had no role in the February 5, 2020 Vice News article to which the "cease and desist" letter and Complaint refer.

11. While Plaintiffs' response to the motion to dismiss repeatedly refers to Plaintiffs' businesses as "Michigan based," to the best of my knowledge, nothing on any of their websites, FaceBook pages or other social media sites directs their customers anywhere other than to their online presence, and nowhere, as far as I know, do any of those sites advise Plaintiffs' customers of their physical location.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/Arcelia Francis Hugues*
Arcelia Francis Hugues

January 11, 2021

# **<u>EXHIBIT 1</u>**

