UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIN FLAMES UNIVERSE.COM, INC., *et. al*,

    Plaintiff(s)

v.

ARCELIA FRANCIS HUGUES

    Defendant(s)

Case No.: 2:20-cv-11659
Hon. Gershwin A. Drain

DEFENDANT'S SUPPLEMENTAL BRIEF[1]

Defendant ARCELIA FRANCIS HUGUES ("Defendant" or "Ms. Hugues"), appearing *pro se*, respectfully submits this Supplemental Brief pursuant to this Court's February 25, 2021 order, [ECF No. 21, PageID.290], and respectfully requests that this matter be dismissed for the reasons set forth herein.

---

[1] NOTICE OF LIMITED SCOPE ASSISTANCE: This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to MRPC 1.2(b). This document was prepared with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, Room 1044, 231 W. Lafayette Blvd., Detroit, MI 48226, Tel: 313-234-2690.

1

## ARGUMENT

Pursuant to the Sixth Circuit's recent opinion in *Blessing v. Chandrasekar*, __ F.3d __ (6th Cir. 2021), WL 684863, this Court must dismiss Plaintiffs' claims for lack of personal jurisdiction. *Blessing* reaffirms the principles established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 798 (1984), as they apply to online activities. Under *Blessing,* an alleged tort, purportedly committed through online communications that serendipitously affects a plaintiff who happens to be located in the forum state, is, as a matter of law, insufficient to establish the level of personal availment of acting in Michigan required to support the exercise of personal jurisdiction over Ms. Hugues.

Like the Kentucky long arm statute, Michigan's long arm statute, MCL 600.705(2), permits this Court to exercise personal jurisdiction where the challenged conduct involves, "[t]he doing or causing an act to be done, or consequences to occur, in the state resulting for an action for tort." Like the challenged conduct in *Blessing*, this case involves an alleged defamatory publication about plaintiffs who happen to be located in Michigan. As in *Blessing*, other than a brief incidental reference, nothing about the publication concerns plaintiffs' Michigan activities, nor is it "'specifically directed at [Michigan] readers . . . '" *Blessing, supra*, at *12, *citations omitted*.

*Blessing, supra,* at *12-13, reaffirms the long-standing principle that an alleged injury to a resident of the forum state is insufficient to establish minimum contacts; there must be "'something more.'" See also, *Lifestyle Lift Holding Co., Inc. v. Prendville*, 768

2

F. Supp.2d 929, 937 (E.D. Mich. 2011). Because this case is controlled by *Blessing*, it must be dismissed.

**I. Michigan's Long-Arm Statute**

The same principles that mandated dismissal for lack of personal jurisdiction in *Blessing* apply here. The *Blessing* Court found that the alleged defamatory tweets, launched from states other than Kentucky, could not be found to have been directed at Kentucky or its residents. The Court rejected the argument that an out-of-state defendant commits an 'act or omission' through tortious communication in another Commonwealth. *Blessing, supra*. Similarly, Ms. Hugues communications to an international, online reporter cannot, as a matter of law, be found to be directed at Michigan.

In addition, while Ms. Hugues, as a consumer of Plaintiffs' online products, did engage in some business with Plaintiffs, that business had ceased by September of 2019, long before she was contacted by the *Vice* reporter. There is no evidence that Ms. Hugues did business with anyone else in Michigan. Hence, this case lacks the sort of "'extensive'" communications or business contacts that might allow the Court to distinguish *Blessing*.

**II. Due Process Clause**

Exercising personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *See Blessing*, at *11-13. Ms. Hugues' only contacts with Michigan were the result of Plaintiffs' coincidental location in Michigan (a location that was not disclosed by any of Plaintiffs' online businesses). Under those circumstances,

"the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 134 S. Ct. 1118 (2014).

Like Ms. Hugues, the defendants in *Blessing* were found to have never traveled to or conducted activities within the state of Kentucky; the plaintiffs were the defendants' sole connection to the State. *Id*. The only distinguishing factor here is a number of small online payments made by Ms. Hugues to an entity other than the Plaintiffs, which may have ended up in Michigan. These payments were made long before the allegedly tortious conduct took place. Consistent with the *Blessing* court's analysis of *Walden,* those coincidental payments, which may or may not have ended up in Michigan and which long predated the allegedly tortious conduct, are insufficient to create the minimum contacts that would allow Ms. Hugues to be sued in Michigan. As in *Blessing*, Ms. Hugues statements to an international, online reporter were not directed towards Michigan. Plaintiffs' online presence never identifies Michigan or any connection thereto, and the only reason Plaintiffs can claim injury in Michigan is that they happened to choose to be there. *Id*.

As in *Blessing,* Plaintiffs cannot establish the elements of the *Calder* effects test. *Calder, supra. Blessing* reiterates that a mere alleged injury to a forum resident is an insufficient connection to the forum State. *Blessing*, at *11. Because this Court is bound by *Blessing,* it must dismiss Plaintiffs' claims against Ms. Hugues.

4

## CONCLUSION

For the aforementioned reasons, Ms. Arcelia Francis Hugues respectfully requests that this Honorable Court grant her motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

*/s/ Arcelia Francis Hugues (w/ perm)*
By: Arcelia Francis Hugues, Defendant
*Pro Se*
7994 State Route 20
Madison, NY 13402
Telephone: (315) 404-9442
Email: archaicarcelia@zoho.com

Dated: March 02, 2021

### NOTICE OF LIMITED SCOPE ASSISTANCE

This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to MRPC 1.2(b). This document was prepared with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, Room 1044, 231 W. Lafayette Blvd., Detroit, MI 48226, Tel: 313-234-2690.

Katarina Tatomir, 2L, and Massimo Di Giovanni, 2L, University of Detroit Mercy, on the Brief

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via email with the *Pro Se* Administrator by the *Pro Se* Clinic with the Clerk of Court, and the parties of record will be served via the Court's electronic filing system when it is posted by the Clerk. I hereby certify that on March 02, 2021, I also emailed same to Mr. Matthew Kerry at matt@kerrylawpllc.com.

*s/s Katarina Tatomir, 2L*
For the Pro Se Clinic