MATTHEW KERRY (P81793)
Attorney for Plaintiffs
214 S. Main Street, Suite 200
Ann Arbor, Michigan 48104
(734) 263-1193
matt@kerrylawpllc.com

DAVID D. LIN (*pro hac vice* forthcoming)
JUSTIN MERCER (*pro hac vice* forthcoming)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: david@iLawco.com
Email: justin@iLawco.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TWIN FLAMES UNIVERSE.COM INC., a Michigan corporation; MIND ALIGNMENT PROCESS INC., a Michigan corporation; JEFFREY AYAN, an individual resident of Michigan; and SHALEIA AYAN, an individual resident of Michigan,<br><br>Plaintiffs,<br><br>vs.<br><br>LISA ELLE GIACOMINI, et al.,<br><br>Defendants. | Case No.: 2:20-cv-11659-GAD-DRG |

**PLAINTIFFS' SUPPLEMENT BRIEF RE DEFENDANT ARCELIA HUGUES' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**I.  The Sixth Circuit's Interpretation of Kentucky Long-arm Statute in *Blessing* Does Not Affect This Instant Case Because Michigan Long-arm Statute Is Significantly Different from Kentucky Long-arm Statute.**

"When sitting in diversity, a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Blessing, et al. v. Chandrasekhar, et al*. Nos. 20-5850/5852, 2021 WL 684863, at *7 (6th Cir. Feb 23, 2021), citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997). In *Blessing,* the Sixth Circuit focused its analysis on the forum state, Kentucky's, long-arm statute. Kentucky long-arm statute provides that "a court may exercise personal jurisdiction over a person who acts directly or by an agent as to a claim arising from the person's causing tortious injury by an act or omission **in this Commonwealth**." KRS 454.210 (2)(a)(3) (emphasis added). The Sixth Circuit finds that "merely causing a 'consequence' in Kentucky is insufficient to establish personal jurisdiction under KRS 454.210(2)(a)(3). To satisfy that provision of the longarm statute, the 'cause of action must arise from defendant's activities' in Kentucky." *Blessing*, 2021 WL 684863 at *8.

The instant case is in front of Eastern District of Michigan. The controlling Michigan long-arm statute provides that personal jurisdiction exists upon "[t]he ***transaction of any business*** within the state" and "[t]he doing or causing an act to be done, or ***consequences to occur***, in the state resulting in an action for tort." M.C.L. § 600.705(1), (2) (emphasis added). *See also Umlaut, Inc. v. P3 USA, Inc.*, No. 2:19-CV-13310, 2020 WL 4016098, at *4 (E.D. Mich. July 15, 2020). The Court of Appeals of Michigan confirms that "Michigan's long-arm statute contains no such limitations", such as "the alleged tortious act must actually occur within the state before jurisdiction could be imposed." *Cole v. Doe*, 77 Mich. App. 138, 142, 258 N.W.2d 165 (1977). The Court of Appeals of Michigan further affirms that Michigan's long-arm statute

2

"specifically permits the assertion of jurisdiction where 'consequences' have been caused in this state." *Id*. Michigan Courts have consistently found personal jurisdictions exist when there were consequences to occur in the state of Michigan. *See Cole v. Doe*, 77 Mich. App. at 143 (the Court finds personal jurisdiction exists where "the republication of appellant's alleged slander in Michigan was a clearly foreseeable and conceivably intentional consequence of the original publication.") *See also Park W. Galleries, Inc. v. Hochman*, No. 08-12247, 2009 WL 728535 (E.D. Mich. Mar. 19, 2009); *Hinson v. Yates*, No. 1:17-CV-639, 2018 WL 3621043 (W.D. Mich. July 9, 2018).

Therefore, Michigan long-arm statues are significantly different from Kentucky long-arm statutes regarding the assertion of jurisdiction where "consequences" have been caused in this state. Because this Court is in the state of Michigan and applies Michigan state law in long-arm personal jurisdiction questions, the Sixth Circuit's interpretation of Kentucky long-arm statute in *Blessing* does not affect the decision on the instant motion.

II. **The Sixth Circuit's Holding in *Blessing* Does Not Affect This Instant Case Because Defendant Hugues Has Preexisting Relationship and Has Generated More Contacts with Forum State Michigan, In Comparison to Defendants in *Blessing* Who Have Limited Contacts with Forum State Kentucky.**

In *Blessing*, the Sixth Circuit finds exercising of jurisdiction over their defendants would offend due process. *Blessing*, 2021 WL 684863 at *10. In *Blessing*, neither of the two defendants "had any preexisting relationship with the plaintiffs, business or otherwise." *Id*. Two defendants posted tweets outside of Kentucky and did not took any "affirmative steps to direct any communications to the plaintiffs or to anyone else in Kentucky, and they did not otherwise available themselves of the benefits and protections of Kentucky's law." *Id*. Those tweets were not "specifically target[ed] or ... even directed at [Kentucky] readers, as opposed to the residents of other states." *Id*. (internal citation committed.) The Complaint did not "allege that either

3

defendant has any Twitter followers in Kentucky or that anyone in Kentucky actually read the tweets." *Id*. Additionally, the Sixth Circuit found "Kentucky was not 'the focal point…of the story," because "the plaintiffs 'would have experienced this same' harm 'wherever else they might have traveled.'" *Id*. (internal citation omitted).

Contrary to the defendants in *Blessing*, who had no preexisting relationships with plaintiffs, Defendant Hugues in this instant case has ample preexisting relationships with Plaintiffs and the forum state Michigan. Defendant Hugues unilaterally created contacts in Michigan, not only by contracting with Plaintiffs' business in Michigan as a consumer and later getting paid as a referrer, but also by communicating (a) with Plaintiffs, who reside in Michigan, directly via live video chat, email and forum posts, (b) communicating with other of Plaintiffs' users who reside in Michigan in similar fashions, and (c) by participating in and promoting her services within a community forum comprised of participants interested in the Michigan-based Plaintiffs' programs. In her motion, Hugues admits that she transacted some business with Plaintiffs in Michigan.

Contrary to defendants' actions in *Blessing*, Defendant Hugues in this instant case conducted far more acts, beyond posting tweets online, targeting Plaintiffs and forum state Michigan. Plaintiffs alleged that Defendant Hugues banded together with other defendants to make false statements to a reporter for Vice Media on two occasions in February and March of 2020. Upon information and belief, that Vice Media's article would target U.S. consumers in close proximity to Toronto, such as in Southeast Michigan. Contrary to *Blessing* where the tweets were not "specifically target[ed] or …even directed at [Kentucky readers]," Defendant Hugues' defamatory statements were specifically targeting Michigan readers. Contrary to *Blessing* where the complaint did not "allege anyone in Kentucky actually read the tweets,"

4

Plaintiffs in the instant case has alleged that several students have claimed to have read the Vice Articles and have emailed, called, or messaged to inquire about the truth of the false statements therein and terminated contracts with Plaintiffs.

Additionally, Defendant Hugues likely reached into Michigan again to do business in competition with Plaintiffs by setting up *two* interactive websites <TwinFlameTranscendence.com> and <TwinFlameTranscendence.Wordpress.com>, registering a companion Twitter account @TFTranscendenc3, and registering a companion, interactive storefront on Facebook called "Twin Flame Transcendence"—each of which resembles the name Plaintiffs do business under. Defendant Hugues used these similarly-named platforms to target Plaintiffs' current and prospective customers to promote her own business, as well as to steer them away from Plaintiffs by issuing misleading statements about the Plaintiffs.

Plaintiffs further alleged that defendant Hugues conspired with other disgruntled former students of Plaintiffs TFU and MAP, which are based in Michigan, to hijack TFU's Facebook and other social media accounts in order to post false information about the Plaintiffs. Hugues also directly supported and helped other defendants in this Action generate online video content that denigrates the Michigan-based Plaintiffs. Thus, as Plaintiffs' computers and resources are located in Michigan, Hugues' connection and conspiracy with other defendants to literally take over Plaintiffs' social media accounts may very well be conduct that occurred in Michigan.

In comparison to plaintiffs in *Blessing*, Plaintiffs in this case would not experience such adverse consequences in other states as Plaintiffs travel, but only in Michigan. Michigan is the focal point of the story. Therefore, because Defendant Hugues has extensive preexisting relationships and conducted far more acts regarding Plaintiffs and forum state Michigan than

defendants in *Blessing* do, the Sixth Circuit's holding in *Blessing* has minimal impact on the instant case.

## **CONCLUSION**

In light of the foregoing the Court should deny Defendant Hugues' motion in its entirety.

DATED this 2nd day of March, 2021.

                                                        Respectfully submitted,

                                                        */s/ Matthew Kerry*
                                                        Matthew Kerry (P81793)
                                                        Attorney for Plaintiffs
                                                         214 S. Main Street, Suite 200
                                                        Ann Arbor, Michigan 48104
                                                        (734) 263-1193
                                                        matt@kerrylawpllc.com

                                                        LEWIS & LIN LLC

                                                        David D. Lin (pro hac vice forthcoming)
                                                        Justin Mercer (pro hac vice forthcoming)

                                                        *Attorneys for Plaintiffs*